```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

THE CITY OF BESSEMER, et al.,  }
                               }
     Plaintiffs,               }
                               }     CIVIL ACTION NO.
v.                             }     08-AR-1228-S
                               }
COVANTA BESSEMER, INC.         }
                               }
     Defendant.                }
```

### MEMORANDUM OPINION

The court has before it the amended motion of plaintiffs, the City of Bessemer and Bessemer Water Service (collectively "the City"), to remand the above-referenced action to the Circuit Court of Jefferson County, Alabama, Bessemer Division, from which it was removed by defendants, Covanta Bessemer, Inc. ("Covanta") and Covanta Holding Corporation, based upon their claim of the complete diversity necessary for removal under 28 U.S.C. § 1332.

### Pertinent Facts

Covanta operated a water filtration plant in the City. On June 5, 2008, the City sued Covanta and Covanta Holding Corporation in state court for an incident that resulted in the rupture of twenty-four water lines in the City. Covanta and Covanta Holding Corporation timely filed their notice of removal invoking 28 U.S.C. § 1332, and alleging the existence of complete diversity between plaintiffs and defendants and an amount in controversy of $244,785.87. The action as against Covanta Holding Corporation, an affiliate of Covanta, was dismissed. The City seeks remand, denying

the existence of complete diversity while taking no issue with Covanta's assertion that the amount in controversy requirement has been met.

The City is an Alabama municipal corporation operating in Jefferson County, Alabama. Covanta is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware. It is a wholly-owned subsidiary of Covanta Water Systems, Inc., a Delaware corporation with its principal place of business in the State of New Jersey. On and prior to May 4, 2008, Covanta's principal place of business was located in the State of Alabama.[1] On May 5, 2008, one month before this complaint was filed, Covanta entered into a contract with the Governmental Utility Service Corporation ("GUSC") for GUSC to purchase some of Covanta's assets. Since May 6, 2008, Covanta has been totally inactive, although it has not yet been dissolved. It has since May 6, 2008, had no employees or assets in the State of Alabama. All of its former employees are at present employees of GUSC, which is currently operating the facility. The only issue before this court is whether complete diversity of citizenship existed when the suit was filed.

**Analysis**

Covanta, as the party seeking a federal forum, has the burden of establishing subject matter jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Covanta removed the

---

[1] This is a fact stipulated to by both parties. *See* Joint Stipulation of Facts (Aug. 22, 2008).

action pursuant to 28 U.S.C. § 1441, submitting that it could have been originally brought in federal court under 28 U.S.C. § 1332. Jurisdiction exists pursuant to § 1332 only if there is complete diversity among plaintiffs and defendants at the time the case is filed. *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005). As a corporation, Covanta is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332; *MacGinnitie*, 420 F.3d at 1239.

It is undisputed that Covanta is a citizen of its state of incorporation, Delaware. Further, it has been stipulated that Covanta's principal place of business was in the State of Alabama prior to and on May 6, 2008, the day it became inactive. Thus, the dispositive issue is whether Covanta, as an inactive corporation, retained its principal place of business in the State of Alabama for the purpose of determining diversity of citizenship so that on June 5, 2008, the parties were not diverse. The court finds that it did.

The Eleventh Circuit has not spoken on the question of how to determine the principal place of business of an inactive corporation. Few circuits have addressed the issue. The Second Circuit adopts the position that an inactive corporation's principal place of business is "the place it last transacted business . . . ." *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 141 (2nd Cir. 1991). The Third Circuit takes the opposite approach, concluding that an

inactive corporation "has no principal place of business, and is instead a citizen of its state of incorporation only." *MidAtlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3rd Cir. 1995). Under Fifth Circuit precedent, "the place of an inactive corporation's last business activity is relevant to determine the principal place of business," but not dispositive, especially if the corporation has held an inactive status for a substantial time period. *See Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992) (finding five years to be a substantial period of time). The Fourth Circuit has adopted a facts and circumstances inquiry like that of the Fifth Circuit. *See Athena Automotive, Inc. v. DiGregorio,* 166 F.3d 288, 292 (4th Cir. 1999)(holding that a corporation that had been inactive for three years lacked a principal place of business).

This court respectfully rejects the Third Circuit approach, which would allow even a recently active corporation with continuing local presence to remove to federal court based only on its state of incorporation. This court agrees with the Second Circuit and Fifth Circuit conclusion that allowing an inactive corporation "to avoid inquiry into where they were last active would give them a benefit Congress never planned for them." *See WM. Passalacqua Builders*, 933 F.2d at 141; *Harris*, 961 F.2d at 551. There is no need for this court to adopt either the Second Circuit approach or the approach shared by the Fourth Circuit and Fifth Circuit, because Covanta was a citizen of the State of Alabama on June 5, 2008, under either approach. Under the Second Circuit approach, Covanta was a citizen of the State of Alabama at the time

of filing because it last transacted business here. Under the Fourth Circuit and Fifth Circuit facts and circumstances approach, this court can and does reach the same conclusion. Covanta acquired inactive status approximately one month before this complaint was filed. Until that time, it conducted its only activity in the State of Alabama. This lawsuit arises out of an incident that occurred in this state during the performance of that activity. There is no doubt that Covanta would have lacked a basis for removal if the City had been one month quicker in bringing suit, and this court sees no reason to rule that Covanta had a basis for removal because it went out of business one month before suit was brought.[2] The court finds that it lacks subject matter jurisdiction.

### Conclusion

For the reasons discussed, the court concludes that Covanta was a citizen of the State of Alabama for purposes of diversity when the action was filed. Therefore, by separate order, the court will grant plaintiffs' motion to remand.

---

[2] The Middle District of Florida recently dealt with a very similar set of facts and came to the same conclusion, although explicitly choosing to apply the flexible approach adopted in the Fourth and Fifth Circuits to reach its decision. *See Cone Constructors, Inc. v. Thacker Speciality Contractors, Inc.*, No. 97-1378-CIV-T-23A (M.D. Fla. 1998), *available at* 1998 WL 382226. This court finds the reasoning utilized in that case compelling and has considered it in arriving at its own opinion.

DONE this 28th day of August, 2008.

```
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```